IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**HERBERT MITCHEM,**

      **Petitioner,**

    **v.**

**WARDEN, NOBLE
CORRECTIONAL INSTITUTION,**

    **Respondent.**

**CASE NO. 2:20-CV-04241
JUDGE JAMES L. GRAHAM
Magistrate Judge Chelsey M. Vascura**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This case matter is before the Court on the Petition, Respondent's Return of Writ, Petitioner's Argument of Procedural History, and the exhibits of the parties. For the reasons that follow, it is **RECOMMENDED** that this action be **DISMISSED**.

### I.     BACKGROUND

Petitioner challenges his September 13, 2017 convictions pursuant to his guilty plea in the Jackson County Court of Common Pleas on operating a vehicle with a hidden compartment used to transport a controlled substance and aggravated possession of drugs. The Ohio Fourth District Court of Appeals summarized the facts and procedural history of the case as follows:

> {¶ 5} The Jackson County Grand Jury returned an indictment charging Herbert Mitchem with operating a vehicle with a hidden compartment used to transport a controlled substance, aggravated possession of drugs, aggravated trafficking in drugs, operating a vehicle while under the influence of alcohol, a drug of abuse, or a combination of them, and endangering children. The aggravated possession and aggravated trafficking counts included a major-drug-offender specification. Mitchem entered a plea of not guilty, and the trial court appointed counsel for him.
>
> {¶ 6} Mitchem filed a motion to suppress evidence seized in a traffic stop and statements he made to a state trooper. He alleged the stop was not based on a

reasonable suspicion, the search of the automobile was unreasonable, and he made statements without *Miranda* warnings while he was in custody.

{¶ 7} Before a scheduled hearing on the suppression motion, the trial court held a pretrial hearing where the state informed the court that in exchange for Mitchem's guilty plea to the charges of operating a vehicle with a hidden compartment used to transport a controlled substance and aggravated possession of drugs, the state would dismiss the major-drug-offender specification to the latter charge and dismiss the remaining charges. Under the proposed plea agreement there would be no agreed sentence, but the state would recommended [sic] community control for the first charge and an eight-year mandatory prison sentence for the second charge.

{¶ 8} After Mitchem advised the trial court that he did not want to take the plea offer, the state noted that its plea offer would remain open until the first witness at the suppression hearing was sworn in to testify. The trial judge then explained the timing of the plea offer to Mitchem. And after Mitchem talked about his right to appeal if he took the plea, the judge informed Mitchem that his ability to appeal would be limited if he accepted the plea offer:

JUDGE: ...so what I'm telling you is we start the motion to suppress, this deal is done. Now, you said you don't want it but you think about it and before we start the hearing you say I'd like to take it that's fine. We get done with the hearing and you go I want to take it there's nothing there to take.

DEFENDANT: At the same time, I get an appeal if I get the eleven (11) right? An automatic appeal, right?

JUDGE: There's no...

DEFENDANT: ...I don't get to appeal if I take a deal, right?

JUDGE: You take a deal your ability to appeal is certainly limited. If a jury convicts you, yes, you get to... you get to take [an] appeal to the Fourth District Court of Appeals.

DEFENDANT: That might be my better shot because I think lying to a judge is a big deal and I believe he would lie.

(Emphasis added.)

{¶ 9} A little more than a month later at the scheduled hearing on Mitchem's suppression motion, his counsel and the trial court advised him that the state intended to supplement its discovery with recorded jail phone calls that contained Mitchem's incriminating statements. Counsel then discussed the matter with

2

Mitchem off the record. When they returned on the record, Mitchem advised the trial court that he wanted to accept the state's plea offer.

{¶ 10} The trial court then proceeded to engage in a detailed Crim.R. 11(C) colloquy with Mitchem, who stated that he was not under the influence of drugs, had not been threatened, and had not been promised anything besides the terms of the plea agreement. Mitchem stated that he was satisfied with his trial attorney's services and that he understood that if he pleaded guilty to the charges, he would be making a complete admission to them:

Q. Do you understand the nature of the allegations that you are pleading guilty to in Count 1 and amended Count 2?

A. Yes sir.

Q. Do you have any question about either offense?

A. No sir.

Q. Do you understand that if you plead guilty to these offenses you are making a complete admission that you committed these crimes?

A. Yes sir.

(Emphasis added.)

{¶ 11} The trial court advised Mitchem about, and he acknowledged understanding, the maximum penalties involved for the offenses and that his prison term for aggravated drug possession would be mandatory, without opportunity for judicial release. The trial court further advised Mitchem, and he acknowledged, that he would be waiving his constitutional rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the state to prove beyond a reasonable doubt at a trial at which he could not be compelled to testify against himself. Mitchem then stated that he understood he had 30 days after he was sentenced to file an appeal and that if he could not afford an attorney or the costs of an appeal, the court could appoint one for him and assist in paying for the costs of his appeal, including a preparation of the transcript.

{¶ 12} Mitchem also signed a written "ENTRY OF GUILTY PLEA," stating that he desired to withdraw his prior not-guilty plea and plead guilty to the charges of aggravated possession of drugs and operating a vehicle with a hidden compartment used to transport a controlled substance and that he understood that his guilty plea to the crimes constituted "both an admission of guilt and a waiver of any and all constitutional, statutory, or factual defenses with respect to such crime(s) and this case." Mitchem further acknowledged in the form that he

3

waived certain rights, including the right "to appeal the verdict and rulings of the trial Court made before or during trial, should those rulings or the verdict be against my interests."

{¶ 13} After Mitchem informed the court that he had no questions, did not need to speak with his trial counsel, and was certain that he wanted to proceed with his guilty plea, another exchange occurred. Mitchem expressed both an objection to the hidden-compartment charge and his plan to appeal, but ultimately reiterated his decision to plead guilty:

Q. Okay. The Court finds that Mr. Mitchem has signed an Entry of Guilty Plea. Alright, Mr. Mitchem, how do you wish to plead to Count 1 of the indictment, which is Operating a Vehicle with a Hidden Compartment Used to Transport a Controlled Substance, a violation of Revised Code Section 2923.241(C) of the Revised Code?

A. Guilty, I guess.

Q. Well it's not a guess. It's either you're pleading guilty or you're not.

A. That's not what it was for but I'll plead guilty to it.

Q. Um... I just want to make sure I'm... this is clear for the Court of Appeals. You understand what you are charged with in Count 1?

A. Yeah, I'm going to appeal it. I'm... I'm...

Q. Well, I... I... that's fine but for, to make a clear appellate record I want to make sure we are being very clear here.

ATTORNEY NASH: He cannot accept your plea if you are going to say "well, no not really" ...

A. ...okay... okay... I'm guilty.

Q. Okay, so you understand that... what Count 1 is?

A. Yes sir.

Q. And you are pleading guilty to that?

A. Yes sir.

Q. Okay. Then to Count 2, amended Count 2, which is aggravated possession of drugs, a violation of Revised Code 2925.11(A) of the Revised Code, a felony of the first degree, how are you pleading to that count?

4

    A. Guilty.

(Emphasis added.)

{¶ 14} The trial court then accepted Mitchem's guilty plea.

At the sentencing hearing the state recommended that the trial court impose an eight-year mandatory sentence on Mitchem for his aggravated drug-possession conviction because of the seriousness of the offense. The state referred to the large amount of drugs confiscated and Mitchem's clear indication to conceal his drug activity based on the vehicle's hidden compartment. Mitchem's trial counsel argued that the mandatory sentence should be three or four years because Mitchem had taken responsibility for his actions by pleading guilty and he had been a law-abiding citizen for most of his life. He also stated that the hidden compartment was only big enough to put a wallet in it, and not large enough to transport a large amount of drugs.

{¶ 15} Mitchem stated that he did not use the hidden compartment in the car to hide the drugs he was transporting. He claimed that he used it to hide money and credit cards he carried with him when he stayed at hotels for his asbestos-removal job, to prevent hotel "women" and "their boyfriends" from stealing from him if he placed his money and credit cards in the hotel safe. He also claimed that he only had the drugs with him because he had accepted them as payment for a debt owed him by a drug-dealing friend. He said he was transporting the drugs to his mother-in-law's house for Easter to figure out what to do with them.

{¶ 16} The trial court sentenced him to a mandatory prison term of eight years on his aggravated drug possession conviction and a five-year term of community control thereafter on his conviction for operating a vehicle with a hidden compartment used to transport a controlled substance.

{¶ 17} We granted Mitchem's motion for leave to file a delayed appeal.

**II.  ASSIGNMENTS OF ERROR**

{¶ 18} Mitchem assigns the following errors for our review:

1. MITCHEM'S PLEA WAS NOT A KNOWING, INTELLIGENT AND VOLUNTARY DECISION IN VIOLATION OF HIS RIGHT TO DUE PROCESS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.

2. TRIAL COUNSEL RENDERED CONSTITUTIONALLY INEFFECTIVE ASSISTANCE IN VIOLATION OF MITCHEM'S RIGHTS UNDER THE

FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND OHIO CONSTITUTION ARTICLE I, §§ 5, 10 AND 16.

*State v. Mitchem*, 4th Dist. No. 17CA10, 2018 WL 5972012, at *1-4 (Ohio Ct. App. Nov. 8, 2018).  On November 8, 2018, the appellate court affirmed the trial court's judgment.  *Id.*  On May 15, 2019, the Ohio Supreme Court declined to accept jurisdiction of the appeal.  *State v. Mitchem*, 155 Ohio St.3d 1455 (Ohio 2019).

> [O]n May 6, 2019, Appellant filed a motion to vacate or set aside his conviction or sentence under R.C. 2953.21, and a motion to withdraw his guilty plea under Crim.R. 32.1. On July 5, 2019, the trial court denied both motions. Appellant timely appealed each of the denials, which we consolidated for our review.
>
> {¶3} Appellant asserts two assignments of error—that he received ineffective assistance of counsel and that his guilty plea is void for lack of a factual basis. We overrule the first assignment of error because it is barred by the doctrine of res judicata. We overrule the second assignment of error because Appellant has not shown any constitutional violation in the trial court's acceptance of the plea or the manifest injustice required under Crim.R. 32.1 to withdraw a guilty plea after sentencing. Accordingly, we affirm the denial of both of Appellant's post-conviction motions.

*State v. Mitchem*, 4th Dist. No. 19CA11, 2020 WL 1659349, at *1 (Ohio Ct. App. March 10, 2020).  On July 7, 2020, the Ohio Supreme Court declined to accept jurisdiction of the appeal. *State v. Mitchem,* 159 Ohio St.3d 1436 (Ohio 2020).

On August 20, 2020, Petitioner filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He asserts that his guilty plea was not knowing, intelligent or voluntary (claim one); that he was denied the effective assistance of counsel because his attorney forced him to plead guilty (claim two); and that he is actually innocent of the charges because the drugs were found behind the seat on the floor board and the car had no hidden compartment (claim three).  It is the Respondent's position that Petitioner's claims do not provide a basis for relief.

6

## II. STANDARD OF REVIEW

The standards of the Antiterrorism and Effective Death Penalty Act ("the AEDPA") govern this case. The United States Supreme Court has described the AEDPA as "a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court" and emphasized that courts must not "lightly conclude that a State's criminal justice system has experienced the 'extreme malfunction' for which federal habeas relief is the remedy." *Burt v. Titlow*, 571 U.S. 12, 20 (2013) (quoting *Harrington v. Richter*, 562 U.S. 86, 102 (2011) ); *see also Renico v. Lett*, 559 U.S. 766, 773 (2010) ("AEDPA . . . imposes a highly deferential standard for evaluating state-court rulings, and demands that state court decisions be given the benefit of the doubt.") (internal quotation marks, citations, and footnote omitted).

The AEDPA limits the federal courts' authority to issue writs of habeas corpus and forbids a federal court from granting habeas relief with respect to a "claim that was adjudicated on the merits in State court proceedings" unless the state-court decision either

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Further, under the AEDPA, the factual findings of the state court are presumed to be correct:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1).

Accordingly, "a writ of habeas corpus should be denied unless the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court, or based on an unreasonable determination of the facts in light of the evidence presented to the state courts." *Coley v. Bagley*, 706 F.3d 741, 748 (6th Cir. 2013) (citing *Slagle v. Bagley*, 457 F.3d 501, 513 (6th Cir. 2006)), *cert. denied sub nom. Coley v. Robinson*, 571 U.S. 992 (2013). The United States Court of Appeals for the Sixth Circuit has summarized these standards as follows:

> A state court's decision is "contrary to" Supreme Court precedent if (1) "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law[,] or (2) "the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives" at a different result. *Williams v. Taylor*, 529 U.S. 362, 405, 120 S.Ct. 1495, 146 L.Ed.2d 389. 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). A state court's decision is an "unreasonable application" under 28 U.S.C. 2254(d)(1) if it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular ... case" or either unreasonably extends or unreasonably refuses to extend a legal principle from Supreme Court precedent to a new context. *Id*. at 407, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389.

*Id.* at 748-49. The burden of satisfying the AEDPA's standards rests with the petitioner. *See Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

### III. ANALYSIS

**A.  Guilty Plea**

Petitioner asserts that his guilty plea was not knowing, intelligent, or voluntary, because the trial court failed to advise him that the entry of a guilty plea would substantially reduce the scope of any potential appeal. This claim plainly lacks merit.

The state appellate court rejected the claim as follows:

> {¶ 2} Mitchem contends he stated at the plea hearing that he wanted to appeal all issues in the case and didn't understand the limiting effect of his plea. However,

8

the trial court complied with the requirement of informing him of the effect of his guilty plea by advising him that it constituted a complete admission of his guilt of the crimes. And it had no duty at the plea hearing to advise Mitchem of his right to appeal; that duty arises at sentencing. In fact, at the final pretrial hearing a little more than a month earlier, when he rejected the same plea agreement, the trial court correctly informed him that his right to appeal would be limited by taking the plea. Our de novo review of the record establishes that he entered his guilty plea knowingly, intelligently, and voluntarily.

\*\*\*

### III. LAW AND ANALYSIS

#### A. Validity of Guilty Plea

{¶ 19} In his first assignment of error Mitchem asserts that his guilty plea was not knowingly, intelligently, and voluntarily made due to the trial court's failure to advise him that the effect of his guilty plea would be to substantially reduce the scope of appealable issues in contravention of his stated desire. "'When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution.'" *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 7, quoting *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996).

{¶ 20} "Crim.R. 11(C) governs the process that a trial court must use before accepting a felony plea of guilty or no contest." *Veney* at ¶ 8. Before accepting a guilty plea in a felony case, the trial court must address the defendant personally and determine that "the defendant understands the effect of the plea of guilty * * *." Crim.R. 11(C)(2)(b). The court must also inform the defendant of other matters under Crim.R. 11(C)(2)(a) and (c).

{¶ 21} Mitchem acknowledges that this case involves the trial court's notification of his nonconstitutional rights under Crim.R. 11(C)(2)(b), specifically the effect of his guilty plea. Because this notification is not constitutionally based, substantial compliance is sufficient; this means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving. *Veney,* 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, at ¶ 15, citing *State v. Nero,* 56 Ohio St.3d 106, 564 N.E.2d 474 (1990).

{¶ 22} The trial court fully complied with the Crim.R. 11(C)(2)(b) requirement that it determine that Mitchem understand the effect of the guilty plea by informing him that a guilty plea constituted a complete admission of his guilt of the crimes. *See State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.3d

677, paragraph two of the syllabus ("[t]o satisfy the requirement of informing a defendant of the effect of a plea, a trial court must inform the defendant of the appropriate language under Crim.R. 11(B)"); Crim.R. 11(B)(1) ("[t]he plea of guilty is a complete admission of the defendant's guilt"). The written guilty plea form that Mitchem signed also stated that he understood that his guilty plea was an admission of his guilt of the crimes and a waiver of any defenses to them.

{¶ 23} Moreover, the trial court had no duty at the plea hearing to advise Mitchem about his right to appeal. The trial court's duty to advise a defendant of the right to appeal does not arise until sentencing, and therefore, has no effect on whether the defendant's guilty plea was entered knowingly, voluntarily, and intelligently. *See State v. Allen*, 9th Dist. Summit No. 28213, 2017-Ohio-2831, ¶ 15; *see also State v. Berecz*, 4th Dist. Washington No. 16CA15, 2017-Ohio-266, ¶ 23 ("Although R.C. 2953.08 confers on a defendant the right to appeal from the sentence, it contains no requirement that the court notify the defendant of that right").

{¶ 24} Furthermore, as Mitchem concedes, although a guilty plea waives most issues for purposes of appeal, it does not waive all issues. *See State v. Spangler*, 4th Dist. Lawrence No. 16CA1, 2016-Ohio-8583, ¶ 17, quoting *State v. Grove*, 8th Dist. Cuyahoga No. 103042, 2016-Ohio-2721, ¶ 26 (" '[g]enerally, a guilty plea waives all appealable errors that may have occurred in the trial court, unless the errors precluded the defendant from knowingly, intelligently, and voluntarily entering a guilty plea' "); *State v. Legg*, 2016-Ohio-801, 63 N.E.3d 424, ¶ 12 (4th Dist.) (guilty plea does not waive a claim that on its face the charge is one that the state cannot legally prosecute); R.C. 2953.08(A) (permitting appeals by defendants pleading guilty to a felony to contest their sentence under certain circumstances). So the trial court's statement that he could appeal within 30 days after being sentenced was not erroneous.

{¶ 25} In fact at the final pretrial hearing a little more than a month earlier than the plea hearing, the trial court correctly informed him that his right to appeal would be limited by taking the plea; Mitchem then rejected the same plea agreement. And the plea form he signed at the plea hearing expressly provided that he understood that his plea waived "any and all constitutional, statutory, or factual defenses with respect to such crime(s) and this case." The record thus establishes that Mitchem was well aware that his ability to appeal would be limited by his guilty plea.

{¶ 26} Based on our de novo review, the trial court fully complied with Crim.R. 11(C)(2)(b) by informing Mitchem and determining that he understood the effect of his guilty plea. The trial court correctly determined that Mitchem knowingly, intelligently, and voluntarily entered his guilty plea. We overrule his first assignment of error.

*State v. Mitchem*, 2018 WL 5972012, at *1-5.

Because a criminal defendant waives numerous constitutional rights when he pleads guilty, the plea must be entered into knowingly and voluntarily in order to be constitutionally valid. *Boykin v. Alabama*, 395 U.S. 238, 244 (1969). "The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Sparks v. Sowders*, 852 F.2d 882, 885 (6th Cir. 1988) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). In applying this standard, the Court must look at the totality of circumstances surrounding the plea. *Id.* A criminal defendant's solemn declaration of guilt carries a presumption of truthfulness. *Henderson v. Morgan*, 426 U.S. 637, 648 (1976). A criminal defendant cannot successfully challenge the voluntariness of his plea merely on the basis that he was motivated to plead guilty. *Brady v. United States*, 397 U.S. 742, 750 (1970). Moreover, "[a] criminal defendant 'need only be [made] aware of the direct consequences of the plea' and a trial court 'is under no constitutional obligation to inform the defendant of all the possible collateral consequences of the plea.'" *Rose v. Bauman*, No. 2:17-cv-10836, 2018 WL 534490, at *5 (E.D. Mich. Jan. 24, 2018) (citing *King v. Dutton*, 17 F.3d 151, 153 (6th Cir. 1994)).

The record indicates that Petitioner knew that his guilty plea would limit issues for a potential appeal. Moreover, "there is no clearly established federal law 'for the proposition that a trial court has a positive duty to inform defendants who stipulate to sentences how' this will limit their appellate rights." *Walker v. Wainwright*, No. 1:17-cv-01640, 2018 WL 8048753, at *13 (N.D. Ohio Dec. 29, 2018) (citing *Butler v. Warden, Lebanon Corr. Inst.*, 483 F. App'x 102, 109 (6th Cir. May 23, 2012); *Thompson v. Sheets*, No. 3:07-cv-2423, 2009 WL 2176050, at *1–3 (N.D. Ohio July 21, 2009) (finding no due process violation because "the trial court did not have a duty to inform Petitioner of any right to appeal his stipulated sentence"); *Caraballo v. Bracy*,

11

Nor. 1:16-cv-3024, 2018 WL 3640202, *6 (N.D. Ohio June 12, 2018) ("[C]ourts within this circuit applying Ohio law have found there can be no due process violation based on a trial court's failure to inform, if there was no underlying right to appeal.").

Thus, Petitioner's first claim lacks merit.

**B.     Ineffective Assistance of Counsel**

Petitioner asserts that he was denied the effective assistance of counsel because his attorney forced him to plead guilty. The record does not support this claim.

The state appellate court rejected Petitioner's claim as follows:

> Mitchem contends that he received constitutionally ineffective assistance from his trial counsel. To prevail on a claim of ineffective assistance of counsel, a criminal defendant must establish (1) deficient performance by counsel, *i.e.*, performance falling below an objective standard of reasonable representation, and (2) prejudice, *i.e.*, a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *State v. Short*, 129 Ohio St.3d 360, 2011-Ohio-3641, 952 N.E.2d 1121, ¶ 113; *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Failure to establish either part of the test is fatal to an ineffective-assistance claim. *Strickland* at 697, 104 S.Ct. 2052; *State v. Bradley*, 42 Ohio St.3d 136, 143, 538 N.E.2d 373 (1989).
>
> {¶ 28} Mitchem claims that his trial counsel provided ineffective assistance to him by forcing him to plead guilty. But the record proves otherwise. As discussed in our disposition of his first assignment of error, Mitchem knowingly, intelligently, and voluntarily entered his guilty plea. And Mitchem stated that he was satisfied with his trial counsel's services during the trial court's colloquy with him at the plea hearing; he also stated in his signed guilty-plea form that he was "completely satisfied with the legal representation and advice" he received from his trial counsel and that no one had "coerced or induced" him to plead guilty.
>
> {¶ 29} Insofar as Mitchem relies on his post-sentence filings, his self-serving affidavit and his unverified statements were insufficient to establish his claim of ineffective assistance of counsel. *See State v. Black*, 4th Dist. Ross No. 15CA3509, 2016-Ohio-3104, ¶ 14.
>
> {¶ 30} Therefore, Mitchem cannot establish either deficient performance by his trial counsel or prejudice. We overrule his second assignment of error.

*State v. Mitchem*, 2018 WL 5972012, at *5-6.

A prisoner may challenge the entry of a plea of guilty on the basis that counsel's ineffectiveness prevented the plea from being knowing and voluntary. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). The two-part test announced in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), applies to challenges to guilty pleas based on a claim of ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Sparks v. Sowders*, 852 F.2d 882, 884 (6th Cir. 1988). In order to obtain relief, a prisoner raising such a claim must first show that counsel's advice was not within the range of competence demanded of attorneys in criminal cases. *Hill*, 474 U.S. at 59; *Sparks,* 852 F.2d at 884.

> The second, or "prejudice" requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Hill,* 474 U.S. at 59; *Sparks*, 852 F.2d at 884.

The United States Supreme Court has cautioned federal habeas courts to "guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d)." *Harrington*, 562 U.S. at 105. The Court observed that, while "'[s]urmounting *Strickland'*s high bar is never . . . easy,' . . . , [e]stablishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is even more difficult." *Id*. (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010), and citing *Strickland,* 466 U.S. at 689). The Supreme Court instructed that the standards created under *Strickland* and § 2254(d) are both "'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Id.* (citations omitted). Thus, when a federal habeas court reviews a state court's determination regarding an ineffective assistance of counsel claim, "[t]he question is not whether counsel's actions were reasonable.

13

The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id*.

Applying this standard, Petitioner's claim fails. Nothing in the record supports Petitioner's claim. The record reflects that Petitioner made a knowing, intelligent, and voluntary decision to enter a guilty plea to the charges against him. He denied, while under oath and at the time of his guilty plea, being forced or threatened by anyone to plead guilty. (*Transcript*, ECF No. 8-1, PAGEID # 316.) He stated that he had read the plea agreement, understood it, had no questions, and had discussed it with counsel. (PAGEID # 317.) He expressed his satisfaction with the representation of defense counsel. (*Id.*)

> Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible. *Machibroda, supra*, 368 U.S. at 495-496, 82 S.Ct., at 514 (s 2255); *Price v. Johnston, supra*, at 334 U.S. 266, 286-287, 68 S.Ct. 1049, 1060-1061, 92 L.Ed. 1356 (s 2243).

*Blackledge v. Allison*, 431 U.S. 63, 74 (1977) (footnote omitted).

Accordingly, Petitioner's claim of ineffective assistance of counsel is without merit.

**C.     Actual Innocence**

In claim three, Petitioner states that he is actually innocent and the trial court lacked jurisdiction because the drugs were found behind the seat on the floorboard and not in a hidden compartment.

An independent or "free-standing" claim of actual innocence does not provide a basis for federal habeas corpus relief. *See Legrone v. Birkett*, 571 F. App'x 417, 421 (6th Cir. 2014) (citing *Herrera v. Collins*, 506 U.S. 390, 400 (1993) ("[C]laims of actual innocence . . . have never been held to state a ground for federal habeas relief absent an independent constitutional

violation[.]"); *see also Patterson v. Tibbals*, No. 3:16-cv-098, 2018 WL 3957404, at *4 (S.D. Ohio Aug. 17, 2018) (claim of actual innocence fails to state a claim upon which relief can be granted) (citations omitted)).

Additionally, to the extent that Petitioner intends to assert a claim that of an inadequate factual basis for his guilty plea, this claim is equally without merit. "There is no federal constitutional requirement that a factual basis be established to support a guilty plea." *Holtgreive v. Curtis*, 174 F.Supp.2d 572, 581 (E.D. Mich. Oct. 31, 2001).

> No federal constitutional issue is raised by the failure of a [ ] trial court to comply with state law or court rule concerning establishing the factual basis of a guilty plea. "The requirement that a sentencing court must satisfy itself that a sufficient factual basis supports the guilty plea is not a requirement of the Constitution, but rather a requirement created by rules and statutes." *United States v. Tunning,* 69 F.3d 107, 111 (6th Cir. 1995)(citing *Higgason v. Clark*, 984 F.2d 203, 208 (7th Cir.), *cert. denied*, 508 U.S. 977, 113 S.Ct. 2974, 125 L.Ed.2d 672 (1993)). Violations of state law and procedure that do not infringe specific federal constitutional protections are not cognizable claims under § 2254. *Estelle v. McGuire*, 502 U.S. 62, 67–68, 112 S.Ct. 475, 480, 116 L.Ed.2d 385 (1991). On habeas review, a federal court is not permitted to review whether a plea colloquy conformed with the strictures of state rules, but only whether it comported with the requirements of constitutional due process. *Ramos v. Rogers*, 170 F.3d 560, 563 n. 2 (6th Cir. 1999). The fundamental constitutional consideration when a petitioner challenges his plea is whether it was voluntary.

*Id*., at 582.

Petitioner's third claim therefore lacks merit.

## IV.   DISPOSITION

For the reasons set forth above, it is **RECOMMENDED** that this action be **DISMISSED**.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting

15

authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE