**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**HERBERT MITCHEM,**

    **Petitioner,**

    **v.**

**WARDEN, NOBLE
CORRECTIONAL INSTITUTION,**

    **Respondent.**

**CASE NO. 2:20-CV-04241
JUDGE JAMES L. GRAHAM
Magistrate Judge Chelsey M. Vascura**

**OPINION AND ORDER**

On February 12, 2021, the Magistrate Judge issued a Report and Recommendation

recommending that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be

dismissed.  (ECF No. 13.)  Petitioner has filed an Objection to the Magistrate Judge's Report and

Recommendation.  (ECF No. 18.)  Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de

novo* review.  For the reasons that follow, Petitioner's Objection (ECF No. 18) is

**OVERRULED.**  The Report and Recommendation (ECF No. 13) is **ADOPTED** and

**AFFIRMED.**  This action is hereby **DISMISSED**.

The Court **DECLINES** to issue a certificate of appealability.

Petitioner pleaded guilty in the Jackson County Court of Common Pleas pursuant to the

terms of his negotiated plea agreement to operating a vehicle with a hidden compartment used to

transport a controlled substance and aggravated possession of drugs.  The trial court sentenced

him to a term of eight years' incarceration to be followed by five years of community control.

The Ohio Fourth District Court of Appeals affirmed that judgment, and the Ohio Supreme Court

declined to accept jurisdiction of the appeal.  Petitioner now asserts that his guilty plea was not

knowing, intelligent or voluntary (claim one); that he was denied the effective assistance of

counsel because his attorney forced him to plead guilty (claim two); and that he is actually innocent of the charges because the drugs were found behind the seat on the floor board and the car had no hidden compartment (claim three). The Magistrate Judge recommended dismissal of Petitioner's claims on the merits.

Petitioner objects to the dismissal of his claim that he was denied the effective assistance of counsel because his attorney forced him to plead guilty. He again argues that his guilty plea was not knowing, intelligent and voluntary because he was under duress and misled by his attorney or did not understand the ramifications of his guilty plea. The record, however, contradicts these allegations. *See State v. Mitchem*, 4th Dist. No. 17CA10, 2018 WL 5972012, at *5 (Ohio Ct. App. Nov. 8, 2018) (finding that the record disproves this claim).

Petitioner stated while under oath that he had read and understood the Plea Agreement, had no questions, had reviewed the discovery material and had sufficient time to discuss the case with his attorney. (*Transcript*, ECF No. 8-1, PAGEID # 317-18.) He understood the nature of the offenses charged and the penalties he faced. (PAGEID # 319-23.) The trial court advised Petitioner of all of the rights he was waiving by entry of his guilty plea. (PAGEID # 323-24.) Petitioner indicated that he understood and denied being threatened or coerced. (PAGEID # 316.) He expressed satisfaction with the representation of counsel. (PAGEID # 318.) Petitioner expressed certainty regarding his decision to go forward with the guilty plea. (PAGEID # 325-26.)

"In light of Petitioner's plea colloquy, his bare claim that his counsel coerced him into pleading guilty is insufficient to overcome the presumption of truthfulness which attaches to statements made during the plea colloquy." *See Tucker v. Berghuis*, No. 1:15-CV-764, 2017 WL 2451574, at *3 (W.D. Mich. May 17, 2017), *report and recommendation adopted sub nom.*

*Tucker v. Berguis,* 2017 WL 2438644 (W.D. Mich. June 6, 2017) (citing *United States v. Torres,* 129 F.3d 710, 715 (2nd Cir. 1997) (no error in denying motion to withdraw plea where defendant's allegations of coercion were belied by his statements at the plea hearing); *Jones v. Page*, 76 F.3d 831, 845 (7th Cir. 1996) (habeas relief not warranted where petitioner "made two clear and unequivocal statements at the plea hearing" which belied his claim that he was pressured or coerced into pleading guilty.); *Otero–Rivera v. United States*, 494 F.2d 900, 902–03 (1st Cir. 1974) ("That the plea was 'coerced by defense counsel' is a conclusion unbuttressed by specific facts. Appellant originally told the court 'this is a voluntary plea,' a representation he cannot now so easily repudiate."); *Restucci v. Spencer*, 249 F. Supp.2d 33, 45–46 (D. Mass. 2003) (refusing to rely on petitioner's self-serving affidavits stating the counsel and family members coerced him into pleading guilty that flew in face of plea colloquy); *see also Heiser v. Ryan,* 813 F. Supp. 388, 401–03 (W.D. Pa. 1993) (rejecting petitioner's claim that counsel coerced his guilty plea by threatening to withdraw from the case, where the petitioner indicated during the plea colloquy that his plea was voluntary). "[A] presumption of correctness attaches to the state court findings of fact and to the judgment itself" and the Petitioner bears a "heavy burden" to overturn those findings. *Id*. at *3 (citing *Garcia v. Johnson,* 991 F.2d 324, 328 (6th Cir. 1993); *Parke v. Raley*, 506 U.S. 20, 29 (1992); *Blackledge v. Allison*, 431 U.S. 63, 73 (1977)). Petitioner has failed to meet that burden here. He likewise has failed to establish the ineffective assistance of counsel. Petitioner's Objection (ECF No. 18) therefore is

**OVERRULED.**

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal

court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, 576 U.S. 1071, ——, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893, n.4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

The Court is not persuaded that reasonable jurists would debate the dismissal of this action. The Court therefore **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**


Date: April 30, 2021

                              _____s/James L. Graham_____
                              JAMES L. GRAHAM
                              UNITED STATES DISTRICT JUDGE